UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA SIMS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>SUNOVION PHARMACEUTICALS, INC., )<br>)<br>*Defendant*. )<br>) | Civil Action No. 17-2519 (CKK) |

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

**I.    Proposed and Agreed-Upon Jury Instructions**

**Standard:** The parties propose the following Standardized Civil Jury Instructions for the District of Columbia:

Function of the Judge and Jury:
1-1 Function of the Court
1-2 Function of the Jury
1-3 Significance of Party Designations
1-4 Juror's Duty to Deliberate
1-5 Attitude and Conduct (not an advocate, neutral)
1-6 Instructions to be Considered as a Whole
1-7 Court's Commenting on the Evidence
1-8 Court's Questions to Witnesses
1-9 Jury Not to Take Cue from Judge
1-10 Rulings on Objections
1-11 Equality of Litigants--Corporations

Weighing the Evidence:
2-1 Evidence in the Case
2-2 Evidence in the Case - Judicial Notice
2-3 Inferences
2-4 Inadmissible and Stricken Evidence
2-5 Statements of Counsel
2-6 Jury's Recollection Controls
2-8 Burden of Proof
2-9 Evidence Produced by Adversary

2-10 Direct and Circumstantial Evidence

<u>Evaluating Witnesses:</u>
3-1 Jury to Determine Credibility of Witness
3-4 Failure to Produce Stronger Available Evidence
3-6 Missing Witness
3-8 Impeachment by Prior Inconsistent Statements
3-9 Adopting Prior Inconsistent Statements

<u>Damages:</u>
12-7 Duty to Mitigate Damages

**Non-standard:** The parties propose the following non-standard jury instructions:

## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Authority:**
Adapted from 4-77 Modern Federal Jury Instructions-Civil, Instruction 77-10 (Matthew Bender).

## RACE DISCRIMINATION - ELEMENTS

Plaintiff brings a Title VII race discrimination claim. To succeed on this claim, Plaintiff must prove the following elements by a preponderance of the evidence:

1) That Plaintiff was a member of a protected class;

2) That Defendant took an adverse employment action against her; and

3) The Defendant took the adverse employment action because of Plaintiff's race.

Here, Plaintiff is a member of a protected class because she is African American and Korean. However, you must decide if Plaintiff proved the removal of a customer was an adverse employment action. You must also decide if Plaintiff proved the removal of a customer was taken because of her race.

**Authority:**
3C Fed. Jury Prac. & Instr. § 171:20 (5th ed.); *Ginger v. District of Columbia*, 527 F.3d 1340, 1345 (D.C. Cir. 2008); *Ponce v. Billington*, 679 F.3d 840 (D.C. Cir. 2012); *Goode v. Billington*, 932 F. Supp. 2d 75, 86 (D.D.C. 2013).

## DAMAGES -- IN GENERAL

If you find that Defendant removed a customer from Plaintiff because of her race, you must decide the issue of whether Plaintiff has suffered and will suffer any damages as result of Defendant's conduct. Plaintiff has the burden to prove her damages by a preponderance of the evidence.

**Authority:**
Standardized Civil Jury Instructions for the District of Columbia § 12.01; 26 U.S.C. § 2617; Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions, § 8:920 (7th ed. 2006).

## COMPENSATORY DAMAGES

If you find that Defendant unlawfully discriminated against Plaintiff by removing a customer because of Plaintiff's race, then you may determine the amount of damages that Plaintiff has sustained, if any. You may award compensatory damages only for injuries that Plaintiff has proved were caused by Defendant's allegedly wrongful conduct.

The damages that you award, if any, must be fair compensation – no more and no less. If proven by Plaintiff, damages for any mental anguish, humiliation, inconvenience, loss of enjoyment of life, or other non-pecuniary losses that plaintiff experienced as a consequence of Defendant's wrongful conduct may be part of an award for compensatory damages. In making this determination, you may not consider the amount of lost wages or other benefits, if any, claimed by Plaintiff in this case. Although there is no exact standard for fixing the compensation to be awarded for these elements of damages, any award you make should be fair in light of the evidence presented at trial.

You are also reminded that in determining the amount of damages that you decide to award, if any, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work.

**Authority**:
O'Malley, K., Grenig, J. and Lee. Hon. W. 3C Federal Jury Practice and Instructions, West, §§ 171.90, 173.70 (5th ed. 2001); 5-88 Modern Federal Jury Instructions–Civil P 88-38 (Matthew Bender 4th ed. 2010) (modified); S1-8 Modern Federal Jury Instructions–Civil P 8.4.2 (Matthew Bender 4th ed. 2010) (modified).

## VERDICT

Your verdict must represent the considered judgment of every juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

**Authority:**
Federal Rule of Civil Procedure 48.

## CLOSING INSTRUCTION

The court reminds you that the foreperson of the jury will be responsible for the return to the court of the exhibits and the verdict forms.

Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your verdict. This order must be strictly obeyed.

After your verdict is returned and announced in court, you may discuss the case with anyone. You are not required to do so; it is a matter of your own free choice.

I want to thank you and express the appreciation of the citizens of this community for your service as jurors. By providing this service you have contributed toward continuing the unique system of justice that we enjoy in the United States of America.

You will now retire to the jury room to deliberate upon your verdict. The bailiff will confer with you regarding any recess or adjournment.

II. **Proposed Non-Standard Jury Instructions**

**CIVIL RIGHTS ACT – INTENTIONAL DISCRIMINATION – ADVERSE EMPLOYMENT ACTION**

You are instructed that the burden is on the Plaintiff to show that she suffered an adverse employment action. Title VII does not apply and is not intended to apply to every workplace change in duties. An employer's decision that does not have an effect on an employee does not qualify as an adverse action, even if the employee considers it insulting or offensive.

Moreover, changes in duties or working conditions that do not have an effect on the terms, conditions or privileges of employment are not adverse employment actions. Even if an action is contrary to an employee's personal preferences, that does not make it an adverse employment action. It is for you to determine whether the alleged removal of the Plaintiff's customer in May 2016 constituted an adverse employment action.

An employee suffers an adverse employment action if she experiences materially adverse consequences affecting the terms, conditions or privileges of employment. Whether a particular assignment of duties constitutes an adverse action, for purposes of Title VII, is a question for you to determine.

**Authority:**
*Czekalski v. Peters,* 475 F.3d 360 (D.C. Cir. 2006); *Forkkio v. Powell,* 306 F.3d 1127 (2002); *Russell v. Principi,* 257 F.3d 815, 818 (D.C. Cir. 2001).


Additional Language Requested by Plaintiff

To prevail on this claim, Ms. Sims must prove by a preponderance of the evidence that her race had a "determinative effect" on the decision to reassign one of her targets. "Determinative effect" means that, if not for the plaintiff's race, the target would not have been reassigned. It is not

necessary that Ms. Sims prove that her race was the sole reason for the decision, just a motivating reason.

If you determine that Ms. Sims has proven none of, or only some of, these elements, then you find for Sunovion.

Defendant's Explanation and Pretext

As discussed above, in considering whether Ms. Sims has established that her target was reassigned because of her race, you may consider Sunovion's contention that it was done for legitimate, nondiscriminatory reasons. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgments. An employer may make employment decisions for any reason, whether good or bad, as long as it does not do so for discriminatory reasons. In other words, you may not return a verdict for Ms. Sims simply because you might disagree with Sunovion's decision or believe it to be harsh or unreasonable.

If however, you do not believe Sunovion's explanation for removing Ms. Sims' target, then you may-but you do not have to—infer that Sunovion's true reason was discrimination due to Ms. Sims' race.

Unlawful discrimination is not necessarily established just because you disbelieve the defendant's explanation.

However, if you believe Sunovion's explanation was, in fact, pretext to discriminate against Ms. Sims, then you may only find in favor of Sunovion if, in your judgment, Sunovion has shown by clear and convincing evidence that Ms. Sims' target would have been removed, notwithstanding a

discriminatory motive. "Clear and convincing" evidence is a higher burden than a "preponderance of the evidence." To find a fact by clear and convincing evidence, you must be "reasonably certain" that it is true.

Plaintiff's Source: Modified from Jury Instructions in *Hunter v. WMATA, 18-1494 (D.D.C. Feb. 15, 2023)*.

Defendant's Objection: This instruction misstates the law.

## LEGITIMATE NONDISCRIMINATORY REASONS
## FOR EMPLOYMENT DECISION

If you determine that Plaintiff has established the elements for the Title VII claim discussed above, you must then consider the legitimate, nondiscriminatory reason or business explanation stated by Defendant Sunovion for its decision to not give Plaintiff credit for the sales of one product for one target customer. Title VII does not authorize the Courts or juries to judge the wisdom of a corporation's business decisions. Under Title VII, an employer has the right to make its own business decisions, be they right or wrong, good or bad, so long as those decisions are not based on discriminating against a person based on race.

Therefore, if you believe Defendant's reason for its decision regarding the target customer, you must not second guess that decision, you must not make any judgments as to whether that decision was wise, fair or correct, and you must not substitute your own judgment for that decision -- even if you do not agree with it. Your focus must be on Defendant's motivation, not on its business judgment.

In weighing the evidence, you must give great weight to the perceptions of the individuals who made the decisions at issue. Plaintiff's opinions, perceptions, or subjective beliefs are entitled to relatively little weight. Plaintiff was not the decision-maker and her disagreement with Defendant's business decision regarding the target customer is not subject to review unless it was unlawful discrimination based on race.

Defendant had a legal right to give sales credit to Plaintiff only for her assigned customer and product or "remove" a customer so long as race was not the sole reason for the decision.

**Authority:**
Standardized Civil Jury Instructions for the District of Columbia § 24.13; *Brown v. Brady*, 199 F.3d 446, 459-460 (D.C. Cir. 1999); *Fischbach v. D.C. Dept. of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996); EEOC v. *Flasher Co., Inc.*, 986 F.3d 1312, 1322 (10th Cir. 1992); *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir. 1992); *Holder v. City of Raleigh*,

867 F.2d 823, 829 (4th Cir. 1989); *Dabrowski v. Warner-Lambert Co*., 815 F.2d 1076, 1079 (6th Cir. 1987); *EEOC v. Clay Printing Co.*, 955 F.2d 936, 946 (4th Cir. 1992); *Afande v. Nat'l Lutheran Home for the Aged*, 868 F. Supp. 795, 802 (D. Md. 1994); affirmed 69 F.3d 32 (4th Cir. 1995) (Table); *Gross v. FBL Fin. Servs., Inc*., 129 S. Ct. 2343, 2345 (2009); *Shoonmaker v. Spartan Graphics*, 595 F.3d 261, 269-270 (6th Cir. 2010); *Smith v. Chrysler Corp*., 155 F.3d 799, 806-807 (6th Cir. 1998).

**Plaintiff objects to this instruction in its entirety.**

## PRETEXT

If Defendant has offered evidence tending to show one or more business reasons for Plaintiff's alleged target customer removal, you should consider whether Plaintiff has proved, by a preponderance of evidence, that Defendant's stated reasons were only a "pretext" for discrimination.

Plaintiff must demonstrate pretext by establishing that Defendant's stated reason(s) either: (1) have no basis in fact or (2) did not actually motivate Defendant's decision regarding the target customer.

It is the Plaintiff's burden to proof, by a preponderance of the evidence, that Defendant took the adverse employment action against her because of her race.

You must also remember that Plaintiff cannot establish that the alleged removal of her customer was pretextual through her own beliefs or her subjective assessment of her own performance. Plaintiff's perception of herself, or her work performance, is not relevant. It is the perception of the decision-maker that is relevant.

Moreover, any lack of memory about a particular employment decision made by any of Defendant's personnel does not in itself render it pretextual or discriminatory, particularly in light of the fact that the employment action related to Plaintiff took place approximately 7 years ago and involves one customer.

**Authority:**
5-88 *Modern Federal Jury Instructions–Civil* P 88-37A (Matthew Bender 4th ed. 2010) (modified); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993); *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2345 (2009); *Dews v. A.B. Dick Co.*, 231 F. 3d 1016, 1021 (6th Cir. 2000); *Waterhouse v. District of Columbia*, 124 F. Supp. 2d 1, 7 (D.D.C. 2000); *Smith v. Chamber of Commerce of the United States*, 645 F. Supp. 604, 608 (D.D.C. 1986); *Spaeth v. Georgetown Univ.,* No. 11-1376, 2013 U.S. Dist. LEXIS 66174, at *25 (D.D.C. May 9, 2013); 118 Fair Empl. Prac. Cas. (BNA) 682 (citing *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1004 (8th Cir. 2012).

**Plaintiff objects to this instruction in its entirety.**

## PLAINTIFF'S SUBJECTIVE BELIEFS

Plaintiff's subjective beliefs, rumors, or any other self-serving statements are insufficient evidence to establish Title VII claims and should not be considered in your deliberations.

**Authority:**
*Jones v. Wash. Metro. Area Transit Auth.*, Civ. No. 08-cv-2193, 2011 U.S. Dist. LEXIS 113314 *8, 2011 WL 4536968 (D.D.C. Oct. 2, 2011) (citing *Vatel v. Alliance of Auto. Mfrs.*, 627 F.3d 1245, 1247 (D.C. Cir. 2011)); *Glass v. Lahood,* 786 F. Supp. 2d 189, 218 (D.D.C. 2011)(citing *Johnson v. DiMario*, 14 F. Supp. 2d 107, 109-10 (D.D.C. 1998)); *Morgan v. Vilsack*, 715 F. Supp. 2d 168, 181 (D.D.C. 2010).
**Plaintiff objects to this instruction in its entirety.**

## DAMAGES – CONSIDER ONLY IF NECESSARY

I am about to instruct you as to the proper measure of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to whether Plaintiff is entitled to a verdict against Defendant with respect to her claim. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability as to her claim, by a preponderance of evidence and in accordance with the other instructions I have given you. If you decide that Plaintiff is not entitled to prevail with respect to her claim, you need not go further.

**Authority:**
Standardized Civil Jury Instructions for the District of Columbia § 12.01; 1 L. Sand, et al., Modern Federal Jury Instructions ¶77-1, 77-3; Federal Jury Practice and Instructions, Civil (4th ed. 1987), § 74.02.

**Plaintiff objects to this instruction in its entirety.**

## DAMAGES - SPECULATION

I will now instruct you on the law of damages as it relates to Plaintiff's claim. You must decide based on the evidence presented and the rules of law whether Plaintiff is entitled to damages, and if so, then you must decide the amount of damages.

Damages are not presumed, and may not be based on speculation or guess work; they must be proven. You must also understand that the burden is on Plaintiff to prove each element of her claimed damages by a preponderance of the evidence. Unless such element is proven by a preponderance of the evidence, Plaintiff cannot recover damages.

**Authority:**
Standardized Civil Jury Instructions for the District of Columbia § 12.03; Devitt, Blackmar and Wolff, § 104.06; Richey, C., Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts.

**Plaintiff objects to this instruction in its entirety.**

**III.     Proposed and Agreed-Upon Verdict Form**

The parties propose the following Verdict Form:

1. **Has Plaintiff established by a preponderance of the evidence that a May 2016 customer removal amounts to an adverse employment action?**

    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 1, please proceed to Question 2. If you answered "No" please do not proceed any further.]*

2. **Has Plaintiff proven by a preponderance of the evidence that but for her race, Defendant would not have removed her customer in May 2016?**

    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 2, proceed to Question 3. If you answered "No" please do not proceed any further.]*

3. **Has Plaintiff proven by a preponderance of the evidence that Defendant's legitimate, nondiscriminatory reason, or business explanation, has no basis in fact, or did not motivate it regarding the May 2016 customer removal?**

    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 3, please proceed to the Question 4.  If you answered "No" please do not proceed any further.]*

4. **Do you find that Defendant acted in good faith in its decision regarding the May 2016 target customer, in that it reasonably believed that its decision and actions complied with Title VII?**

    **Yes** _____ **No** _____

5. **Has Plaintiff proven, by a preponderance of the evidence, that she suffered any damages as a result of the removal of the customer?**

    **Yes** _____ **No** _____

*[If you answered "Yes" to Question 5, please proceed to Question 6.]*

6. **What amount do you conclude will fairly and reasonably compensate Plaintiff for compensatory damages, taking into consideration all efforts that Plaintiff should have taken to mitigate her loss?**

$ _____

**Date:**                                                                                                           **Foreperson**


Date: April 5, 2023                                     Respectfully Submitted,


                                                        */s/ David A. Branch*
                                                        David A. Branch, DC Bar No. 438764
                                                        Law Office of David A. Branch & Associates, PLLC
                                                        1828 L Street, NW
                                                        Suite 820
                                                        Washington, D.C. 20036
                                                        Phone: 202.785.2805
                                                        Fax: 202.785.0289
                                                        Email: davidbranch@dbranchlaw.com

                                                        *Counsel for Plaintiff*


                                                        */s/ Lindsay M. Neinast*
                                                        Lindsay M. Neinast, DC Bar No. 998458
                                                        Alison N. Davis, DC Bar No. 429700
                                                        Littler Mendelson, PC
                                                        815 Connecticut Avenue, NW
                                                        Suite 400
                                                        Washington, D.C. 20006
                                                        Phone: 202.842.3400
                                                        Fax: 202.842.0011
                                                        Email: andavis@littler.com
                                                        Email: LNeinast@littler.com

                                                        *Counsel for Defendant*